# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| **CHRISTIAN MORRILL** | § § § | |
| **Plaintiff,** | § § | |
| VS. | § § | Case No. 4:14CV749 |
| | § | Judge Mazzant/Judge Bush |
| **CITY OF DENTON, TEXAS, et al.** | § § § | |
| **Defendants.** | § | |

## MEMORANDUM ADOPTING REPORTS AND RECOMMENDATIONS OF THE UNITED STATES MAGISTRATE JUDGE

Came on for consideration the reports of the United States Magistrate Judge in this action, this matter having been heretofore referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636.

On July 15, 2016, the report of the Magistrate Judge was entered containing proposed findings of fact and recommendations that Defendant City of Denton's Motion to Dismiss Supplemental Tort Claims Against Individual Defendants (Dkt. #28) should be GRANTED and that Plaintiff's assault and battery claims against the Individual Officer Defendants named in this case should be dismissed with prejudice (*see* Dkt. #55).

Also on July 15, 2016, the Magistrate Judge entered another report containing proposed findings of fact and recommendations that Plaintiff's claims against all Defendants are barred by the statute of limitations and that Defendant Craig Fitzgerald's Motion to Dismiss Under Rule 12, Alternative Motions for Rule 7 Reply and for Stay of All Discovery and Other Relief (Dkt. #22),

Defendant Donnie Carr's, Christopher Murphy's and Ronnie Crain's Motion and Corrected Motion to Dismiss Under Rule 12, Alternative Motions for Rule 7 Reply and for Stay of All Discovery and Other Relief (Dkts. ##23 & 42), and Defendant City of Denton, Texas' First Motion for Summary Judgment (Dkt. #50) should be GRANTED as to the statute of limitations arguments raised therein (*see* Dkt. #56). The Magistrate Judge further recommended that Defendant Craig Fitzgerald's First Motion for Summary Judgment (Dkt. #45), Defendant Donnie Carr's First Motion for Summary Judgment (Dkt. #47), Defendant Christopher Murphy's First Motion for Summary Judgment (Dkt. #48), Defendant Ronny Crain's First Motion for Summary Judgment (Dkt. #49), and all other dismissal and summary judgment arguments raised by Defendants should be DENIED as MOOT and that and this case should be dismissed with prejudice with all costs to be borne by the party incurring same.

On July 29, 2016, Plaintiff filed objections to the Magistrate Judge's recommendations (*see* Dkt. #62). On August 10, 2016 Defendants filed their responses to those objections (*see* Dkts. ##64 & 65).

Primarily, the Court notes that Plaintiff has not objected to the Magistrate Judge's report and recommendation that Defendant City of Denton's Motion to Dismiss Supplemental Tort Claims Against Individual Defendants (Dkt. #28) should be GRANTED and that Plaintiff's assault and battery claims against the Individual Officer Defendants should be dismissed with prejudice.

Having received that report and no objections thereto having been timely filed, this Court is therefore of the opinion that the findings and conclusions of the Magistrate Judge are correct and adopts the Magistrate Judge's recommendations as the findings and conclusions of the Court.

Therefore, Defendant City of Denton's Motion to Dismiss Supplemental Tort Claims Against Individual Defendants (**Dkt. #28**) is **GRANTED** and Plaintiff's assault and battery claims against the Individual Officer Defendants, Donnie Carr, Christopher Murphy, Craig Fitzgerald and Ronny Crain, are dismissed with prejudice.

As to the recommendation that Plaintiff's remaining claims against all Defendants are barred by the statute of limitations, the Court has made a *de novo* review of the objections raised by Plaintiff and Defendants' responses. As set forth below, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and that the objections are without merit as to the ultimate findings of the Magistrate Judge.

In his objections, Plaintiff claims that the Magistrate Judge erred as a matter of law in finding that Plaintiff filed his federal claims outside of the two year statute of limitations. Plaintiff concedes that he was arrested in August 2012 and that he did not file suit until more than two years later in November 2014. Plaintiff nonetheless argues that his claims did not accrue until the dismissal of the criminal charge against him.

Plaintiff specifically argues in his objections that the Magistrate Judge did not cite to any governing authority "addressing Plaintiff's scenario." Dkt. #63 at 2. Plaintiff argues that, in finding that his claims accrued on the date of his arrest, the Magistrate Judge erroneously relied on cases pertaining to claims of false arrest and Fourth Amendment search and seizure violations. According to Plaintiff, his claims in this suit are more analogous to claims of fraudulent concealment, which toll the statute of limitations, or malicious prosecution, which do not accrue until the criminal case is terminated.

The Court is not convinced by Plaintiff's arguments. The Magistrate Judge considered the arguments raised by Plaintiff in his objections but nonetheless found that Plaintiff became aware of any denial of due process, unwarranted or excessive force, or failure to intervene (to the extent such allegation could state a violation of Section 1983) at the time of Plaintiff's arrest in August 2012. As noted by Defendants in response to Plaintiff's objections, Plaintiff has not cited to any case holding that the accrual of claims such as his is delayed by a pending prosecution for resisting arrest. And, as thoroughly addressed by Defendants in response to Plaintiff's objections, the cases cited by Plaintiff in support of his objections are clearly distinguishable.

The Magistrate Judge's analysis is detailed and supported by authority, and the Court agrees with the Magistrate Judge that "[t]he existence of the various claimed injuries here did not depend on the outcome of the subsequent criminal proceedings." *Humphreys v. City of Ganado, Tex.*, 467 F. App'x 252, 255 (5th Cir. 2012). The Court finds no error in the Magistrate Judge's conclusion that, as a matter of law, the limitations period expired in August 2014, two years after the date of his arrest. *See id.*; *Hitt v. Connell*, 301 F.3d 240, 246 (5th Cir. 2002) (stating that limitation period begins to run "when the plaintiff 'becomes aware that he has suffered an injury or has sufficient information to know that he has been injured'"); *Paselk v. State*, 2013 WL 4791417, at *14 (E.D. Tex. 2013) ("The cause of action accrued when Plaintiff knew or had reason to know of the injury that is the basis of the action.").

Having reviewed the record herein and finding that Plaintiff's objections are without merit, the Court hereby adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of this Court. Plaintiff's remaining claims against Defendants are barred by the statute

of limitations.

Therefore, Defendant Craig Fitzgerald's Motion to Dismiss Under Rule 12, Alternative Motions for Rule 7 Reply and for Stay of All Discovery and Other Relief (**Dkt. #22**), Defendant Donnie Carr's, Christopher Murphy's and Ronnie Crain's Motion and Corrected Motion to Dismiss Under Rule 12, Alternative Motions for Rule 7 Reply and for Stay of All Discovery and Other Relief (**Dkts. ##23 & 42**), and Defendant City of Denton, Texas' First Motion for Summary Judgment (**Dkt.# 50**) are **GRANTED** as to the statute of limitations arguments raised therein. Defendant Craig Fitzgerald's First Motion for Summary Judgment (**Dkt. #45**), Defendant Donnie Carr's First Motion for Summary Judgment (**Dkt. #47**), Defendant Christopher Murphy's First Motion for Summary Judgment (**Dkt. #48**), Defendant Ronny Crain's First Motion for Summary Judgment (**Dkt. #49**), and all other dismissal and summary judgment arguments raised by Defendants are **DENIED as MOOT**.

This case shall be dismissed with prejudice with all costs to be borne by the party incurring same.

**It is SO ORDERED.**

**SIGNED this 25th day of August, 2016.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE